IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00756-BNB

SCOTT R. GORDON,

    Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, FNMA,

    Defendant.

---

**ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND
DENYING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF**

---

    Plaintiff Scott R. Gordon has submitted a "Motion for an Order to Show Cause and Motion for Stay," and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. As part of the Court's review pursuant to D.C.COLO.LCivR 8.1, the Court has determined that the submitted documents are deficient as described in this Order. Mr. Gordon is directed to have the affidavit in his Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 notarized or sworn to as required under 28 U.S.C. § 1746 and to submit his claims on a proper Court-approved form used in filing complaints.

    With respect to Mr. Gordon's Motion for an Order to Show Cause and Motion for Stay, a party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may

cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest.  *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).  Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued.  *See* Fed. R. Civ. P. 65(b).

Mr. Gordon's request to forestall the eviction is an appeal of an unfavorable state court judgment and is outside of this Court's jurisdiction under the *Rooker v. Feldman* doctrine.  *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  The request to delay the eviction is improperly before this Court and will be denied.  Accordingly, it is

ORDERED that Mr. Gordon cure the deficiencies designated above **within thirty days from the date of this Order**.  Any papers that Mr. Gordon files in response to this Order must include the civil action number on this Order.  It is

FURTHER ORDERED that Mr. Gordon shall obtain the proper Court-approved forms, along with the applicable instructions, at www.cod.uscourts.gov for use in filing the Complaint and a properly notarized or sworn to 28 U.S.C. § 1915 motion and affidavit.  It is

FURTHER ORDERED that if Mr. Gordon fails to cure the designated deficiencies **within thirty days from the date of this Order** the Complaint and the action will be dismissed without further notice.  It is

FURTHER ORDERED that Mr. Gordon's Motion for injunctive relief, Doc. No. 1, is DENIED.

Dated: March 26, 2012.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE